UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERRANCE J. WILLIAMSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 4:16-cv-04045-SLD |
| | ) |
| STEPHEN DUNCAN, Warden, | ) |
| | ) |
|     Respondent. | ) |
| | ) |

## ORDER

Before the Court are a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and a motion to dismiss the petition, ECF No. 8, filed by Respondent.   For the following reasons, the motion to dismiss is GRANTED, and the petition, DISMISSED.   Respondent's motion for leave to file a reply to Petitioner's reply, ECF No. 12, is DENIED.   Furthermore, the Court denies Petitioner Williamson a certificate of appealability.

## BACKGROUND[1]

Williamson is challenging his current incarceration at Lawrence Correctional Center ("Lawrence") in Sumner, Illinois.   After a jury trial in 2007, Williamson was found guilty of attempted murder and aggravated domestic battery by a Rock Island, Illinois circuit court. (Williamson had stabbed a woman in the head and leg with a pair of scissors, and broken her arm with a lamp.)   Williamson appealed this conviction to the Illinois Appellate Court, which affirmed his convictions and his sentence.   On May 25, 2011, the Illinois Supreme Court denied his petition for leave to appeal this ruling.   Williamson did not petition the United States Supreme

---

1 The facts related here are drawn from Respondent's motion to dismiss the petition, except where citation indicates otherwise.

1

Court for a writ of certiorari.

In June 2013, Williamson filed a petition for postconviction relief in Illinois circuit court. The petition was late, but the court considered it nonetheless. Ill. Order Dismissal 1, Mot. Dismiss Ex. C, ECF No. 8-3. The court denied Williamson's petition for relief in its entirety. The Illinois Appellate Court again affirmed the lower court's order, and again the Illinois Supreme Court denied Williamson's petition for leave to appeal.

On February 29, 2016, Williamson filed the instant petition with this Court. ECF No. 1. After being ordered to respond, the warden of Lawrence moved to dismiss that petition.

## DISCUSSION

**I.    Legal Standard on a Petition for Issuance of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254**

District courts may entertain applications for the writ of habeas corpus by persons in custody of a State in violation of the Constitution. 28 U.S.C. § 2254(a). The writ shall not issue to a person in custody pursuant to the judgment of a State court unless it appears that the applicant has exhausted his available remedies in the State's courts, there is an absence of corrective process available from the State, or circumstances render that process ineffective to protect the applicant's rights. *Id.* § 2254(b)(1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a 1-year time period in which a state prisoner may file a federal habeas petition, running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1).

## II.    Analysis

Respondent argues that Williamson's petition is untimely, and must be dismissed for that reason.   Respondent is correct.

To determine if Williamson's application is late, the Court first determines when his conviction became final.   The Illinois Supreme Court denied Williamson's petition for leave to appeal his conviction directly on May 25, 2011; he had 90 days from the entry of this judgment to petition the United States Supreme Court for a writ of certiorari.   Sup. Ct. R. 13.   When the time to do so elapsed, on August 23, 2011, his state court conviction became final.   *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Williamson then had one year from the day following this date to file a petition for writ of habeas corpus in federal court.   *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002); *see* Fed. R. Civ. P. 6(a).   He filed his petition for federal habeas corpus relief 1,651 days after the state court conviction became final—several hundred days late.   However, any time during which Williamson had a properly filed application for Illinois postconviction review pending is tolled from that time.   28 U.S.C. § 2244(d)(2).   Because his application for postconviction relief in Illinois was pending between June 21, 2013 (the date he filed his state court habeas petition) and January 20, 2016 (the date that the Illinois Supreme Court denied his petition for leave to appeal

3

the appellate court's order in this case), the span of time between those dates—943 days—is deducted from the actual time it took him to file his federal petition for habeas relief. Even with this deduction, however, Williamson waited 708 untolled days to file his petition in this Court, meaning that he was late by nearly a year—343 days.

Respondent argues that the time during which Williamson's postconviction petition was pending "did not have any tolling effect," because it was filed after "the limitations period" (state or federal?) had expired, but does not support the assertion. Mot. Dismiss 3. The Court cannot see why this should be so,[2] but, as explained above, whether or not the time Williamson's state court petition was pending counts against the one year he had to file his federal petition, he filed

---

[2] The case Respondent cites as authority, *Teas v. Endicott*, 494 F.3d 580 (7th Cir. 2007), dealt with a petitioner who filed his state court habeas petition years after his direct appeal had been exhausted and the judgment against him had become final. *Id.* at 581. Teas argued that since the State Supreme Court ultimately granted his petition by allowing an untimely direct appeal, "direct review" had concluded at that later date for purposes of AEDPA's one-year clock on habeas petitions. *Id.* The Seventh Circuit disagreed, explaining that "[n]othing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'" *Id.* Further, the Seventh Circuit noted that, as in the instant case, the untimely later proceedings in state court were characterized by both state and federal law as collateral, rather than direct, making it doubtful that a second round of direct attack on Teas's conviction had occurred at all. *Id.* at 581–82. The Seventh Circuit did not address whether the lateness of Teas's filing in state court meant that the time he spent on it should not be tolled for purposes of determining whether his federal petition was late; merely, that there could be only a single, initial "conclusion of direct review," after which the one-year clock begins to tick. The Court sees nothing in *Teas* or § 2244(d) to support Respondent's argument, and Respondent does nothing, for his part, to suggest it is correct.

It would be one thing if Williamson's state postconviction petition had been rejected as untimely filed by Illinois courts, for unambiguous precedent states that "an untimely application for state collateral relief is not 'properly filed' and therefore does not extend the time in which to file a federal petition." *Brooks v. Walls*, 301 F.3d 839, 840 (7th Cir. 2002). Only "properly filed" petitions can toll AEDPA time. 28 U.S.C. § 2244(d)(2). But in Williamson's case, the Illinois court evidently accepted Williamson's argument (the parties do not provide a record of the state court's basis for doing so), pursuant to 725 ILCS 5/122-1, that he deserved extra time to file because he had "allege[d] facts showing that the delay was not due to his . . . culpable negligence." It is clear that if the state court had rejected his petition for filing under 5/122-1, and found his application untimely, his application would not have been properly filed, and thus would not toll AEDPA. *Brooks*, 301 F.3d at 840. But no decision the Court has been able to find suggests that a *permitted* late filing in state court would nevertheless not be "properly filed" for purposes of § 2244(d)(2); the usual case, of course, occurs when a state court has found a petitioner's application *un*timely. Holding that a late filing permitted by Illinois under 5/122-1 was nonetheless not "properly filed" under § 2244(d)(2) would, at the least, cut against the principle animating *Brooks* and related cases: that state court determinations about states' own timeliness rules "must be respected." *Brooks*, 301 F.3d at 841. And in any event, Respondent's argument, resting as it does on *Teas*, addresses none of these arcana, even as it asks the Court to make a drastic and, as it happens, unnecessary determination about the interplay of 5/122-1 and AEDPA.

that petition too late.

In the alternative, Williamson argues that some of the time between the conclusion of direct review and his filing before this Court should be equitably tolled. Petitioners may seek to have time tolled equitably, so that an admittedly late petition is nonetheless considered by a court that declines to count against petitioner some of the time that has elapsed. Such tolling is "an exceptional remedy available to a habeas petitioner who shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Williamson argues that he is entitled to equitable tolling because "(1) [his] post-conviction attorney abandoned him; (2) . . . the attorney refused to return [his] case files; and (3) . . . due to institutional lockdowns and remodeling of the law library, [he] was unable to timely file his [§ 2254 petition]." Reply 8, ECF No. 11.

Williamson's first argument, that his post-conviction attorney abandoned him, is belied by the correspondence from that attorney that Williamson submits to the Court. The correspondence consists of three letters. The first indicates that it was sent to Williamson in prison on August 25, 2011—days after his conviction had become final—and contains draft copies of "the Petition for Post-Conviction Relief and Memorandum of Law in Support." Reply Ex. B, ECF No. 11-1. The letter asks for Williamson's approval before these documents are filed. The second, dated October 31, 2011, indicates that Williamson has not paid his attorney, and asks that he promptly resolve the matter "so as to avoid missing any deadlines or otherwise harming your legal interests." *Id*. And the third indicates that the attorney will not do any more work without payment. *Id.* Williamson accuses the attorney of not filing a motion to withdraw. Reply 9.

5

But it was unclear before which court Williamson means his attorney should have withdrawn, since by his own assertion, and as the letters from the attorney show, the attorney was recruited after the conclusion of direct review to file a petition for post-conviction relief, which he ultimately never filed. Williamson does not explain why, in possession of a petition for State post-conviction relief, drafted by an attorney, as early as August 25, 2011, it took him nearly two years to file such a petition. He also does not explain in what way his attorney's actions, as chronicled in the correspondence he attaches, constitute "abandonment," or how those actions impeded him from filing his petition for postconviction relief in Illinois. His first argument for equitable tolling fails, because none of the circumstances adduced are "extraordinary," nor does Williamson show, or even claim, that he pursued his rights diligently in their face.

Williamson's second argument—that his attorney refused to return his "case files," fails for similar reasons. If Williamson means the record of his trial and conviction in Illinois court (and he does not explain what else he means), then he makes no showing that he made any effort to get this back from his attorney, or to acquire copies from the court that convicted him. This is not a showing that he has been pursuing his rights diligently; equitable relief is not warranted here either.

Finally, Williamson's argument that he is entitled to tolling because of closures of the law library at Menard Correctional Center also fails. "[A] prisoner's limited access to the prison law library is not grounds for equitable tolling." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Even if it were, Williamson still bears the burden of demonstrating his diligence in pursuing his claim in the face of the closures of the library, and he makes no showing on this score. Equitable tolling is not warranted.

To sum up: Williamson's petition for the writ of habeas corpus before this Court is very late, and does not show why time should be tolled for equitable reasons. His petition must be dismissed as untimely.

One matter remains. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 2254 Rule 11(a). A certificate of appealability should issue, when a district court denies a habeas petition on procedural grounds, if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that jurists of reason would not find it debatable whether Petitioner's Petition should be dismissed as untimely. The certificate shall not issue.

## CONCLUSION

Accordingly, the petition for writ of habeas corpus, ECF No. 1, is DISMISSED, and the motion to dismiss the petition, ECF No. 8, GRANTED. Respondent's Motion for Leave to File Reply, ECF No. 12, is DENIED. A certificate of appealability is DENIED. The Clerk is directed to enter judgment and close the case.


ENTERED:      March 3, 2017

                                          s/Sara Darrow
                                          SARA DARROW
                          UNITED STATES DISTRICT JUDGE